# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 17-0179** (Ohio County 16-F-15)

**Michael C.,**
**Defendant Below, Petitioner**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael C., by counsel Zachary T. Zilai, appeals the Circuit Court of Ohio County's December 29, 2016, order sentencing him following his first-degree sexual abuse convictions.[1] Respondent State of West Virginia, by counsel Scott E. Johnson, filed a response and supplemental appendix. On appeal, petitioner contends that the jury's verdict should be reversed because there was insufficient evidence to support his convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 11, 2016, petitioner was indicted for four counts of first-degree sexual abuse of two separate victims, and on November 2, 2016, his trial commenced. At trial, the mother of one of his victims testified that, as she was walking up a flight of stairs, she heard petitioner ask her daughter, "Do you like it? Do you want to suck it?" As the mother came to the top of the stairs and the victim came in to her mother's view, the mother saw petitioner's "private part in my daughter's face[.]" This incident prompted law enforcement and Child Protective Services

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Additionally, petitioner's counsel filed a brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure, which provides that "[i]n extraordinary circumstances, if counsel is ethically compelled to disassociate from the contentions presented in the brief, counsel must preface the brief with a statement that the brief is filed pursuant to Rule 10(c)(10)(b). Counsel should not inject disclaimers or argue against the client's interests."

involvement. The investigating detective, who also testified at trial, recounted that this victim disclosed that this was not the first time petitioner sexually abused her.

As part of the investigation, the victims were also interviewed by Lisa Musili, an interview specialist and therapist employed by Harmony House Children's Advocacy Center. Ms. Musili testified at trial, and the victims' interviews with her were admitted without objection. Both victims disclosed sexual abuse by petitioner during their interviews.

At the time of trial, petitioner's victims were six and nine years old. After answering some preliminary questions, the six-year-old victim was unable to testify regarding the sexual abuse:

> Q: Okay. And what about [petitioner]? Can you tell the jury, and tell me and the judge and the lawyers what happened with [petitioner]? Can you talk about it?
>
> A: (Shakes head in the negative.)
>
> Q: Are you afraid to talk about it?
>
> A: (Shakes head in the affirmative.)

Ultimately, this victim was only able to nod affirmatively when asked whether she told the truth during her interviews with Ms. Musili and Janet Kowalski, a child advocate at the Sexual Assault Help Center.

The nine-year-old victim was able to testify to petitioner's sexual abuse of her. This victim also testified that she practiced questions with her stepmother the night before trial, but that her stepmother did not instruct her how to answer. Her stepmother instructed her to tell the truth and that it was okay if this victim could not answer a question.

At the conclusion of his trial, the jury convicted petitioner of all four counts charged in the indictment. The circuit court held a sentencing hearing on December 2, 2016, at which petitioner was effectively sentenced to ten years to fifty years of incarceration. The circuit court memorialized petitioner's sentence in an order entered on December 29, 2016, and it is from this order that petitioner appeals.

On appeal, petitioner argues that there was insufficient evidence to support his convictions. In support of this contention, petitioner highlights five alleged deficiencies in the evidence. First, petitioner notes that there was no physical evidence to substantiate the sexual abuse; second, the State's witnesses lacked credibility because their testimony was inconsistent; third, the six-year-old victim was "incapable of answering questions and confirming" her abuse; fourth, the nine-year-old victim's testimony should have been disregarded "[d]ue to her age, impressionability, and the fact that her testimony was coached and rehearsed[;]" and, finally, the nine-year-old victim's testimony "lacked integrity" and was inconsistent with a prior statement.

2

In reviewing a claim that the evidence at trial was insufficient to convict, this Court has stated that

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Further,

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

*Id.* at 663, 461 S.E.2d at 169, Syl. Pt. 3, in part.

Viewing the evidence in the light most favorable to the State, we find that there was sufficient evidence from which the jury could find petitioner guilty of first-degree sexual abuse. His victims' prior statements concerning his abuse of them were admitted, and his older victim was capable of testifying before the jury to petitioner's abuse of her. Importantly, we note that petitioner does not claim that any particular element of this crime was unmet. Rather, petitioner first contends that there was no physical evidence of the sexual abuse; however, he cites to no law necessitating physical evidence to sustain a conviction of sexual abuse. To the contrary, we have upheld convictions of sex crimes in the absence of physical evidence. In *State v. Frank S.*, 236 W.Va. 761, 783 S.E.2d 881 (2016), the petitioner argued that the evidence was insufficient to support his rape, incest, and sodomy convictions because there was no physical evidence of sexual abuse and due to "several minor inconsistencies in the victims' testimonies[.]" *Id.* at 769, 783 S.E.2d at 889. We found that the petitioner failed to "satisfy the heavy burden" of establishing that there was insufficient evidence where the victims' testimony was consistent and corroborated by other witnesses, even in the absence of physical evidence. *Id.* at 770, 783 S.E.2d at 890. Accordingly, this argument has no merit.

Petitioner's remaining challenges to the sufficiency of the evidence concern the witnesses' credibility. Petitioner argues that two of the State's witnesses had differing recollections of what transpired during a domestic argument between them, thereby rendering

both witnesses incredible.[2] Petitioner also argues that the six-year-old victim's inability to "confirm[ p]etitioner's touching of her" on the witness stand renders her testimony insufficient. Next, petitioner characterizes the trial preparation between the nine-year-old victim and her stepmother as "coaching," and argues that her "age, impressionability and the fact that her testimony was coached" render her testimony insufficient to support a guilty verdict. Finally, petitioner claims that his nine-year-old victim stated that she was touched twice a week by petitioner in her interview with Ms. Musili. At trial, however, this victim stated that she was touched by petitioner twice a day. In short, petitioner's remaining challenges to the sufficiency of the evidence call upon this Court to judge witness credibility.

"On review, we will not weigh evidence or determine credibility. Credibility determinations are for a jury and not an appellate court." *Guthrie*, 194 W.Va. at 669, 461 S.E.2d at 176. Indeed, "[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses." Syl. Pt. 2, *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967). Finally, "[w]hen in a criminal case the question of guilt depends upon the weight of evidence, or inferences and deductions from facts proved, the jury and not the court, is almost exclusively and uncontrollably the judge." *Id.* at 796, 115 S.E.2d at 851, Syl. Pt. 3. The jury heard all of the evidence, including the testimony petitioner asserts is contradictory or otherwise problematic, and nonetheless returned guilty verdicts. Because weighing evidence and determining credibility are functions reserved to the jury and not this Court, petitioner's arguments are without merit.

For the foregoing reasons, the circuit court's December 29, 2016, sentencing is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

---

[2]This argument was unrelated to petitioner's charges.